```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
                      AT MARTINSBURG
```

**ALLAN A. PETERSEN,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　**Civil Action No. 3:06CV72**
　　　　　　　　　　　　　　　**(JUDGE KEELEY)**

**DOMINIC A. GUTIERREZ, SR., et al.,**

    **Defendants.**

### ORDER ADOPTING REPORT AND RECOMMENDATION

On this day the above styled case came before the Court for consideration of the Report and Recommendation of Magistrate Judge John S. Kaull, dated November 9, 2006, and the Plaintiff's objections thereto filed on December 1, 2006. The Plaintiff filed Objections to the Report and Recommendation on December 1, 2006. In the interests of justice and in accordance with 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo* review.

### Objections to the Report and Recommendation

The Plaintiff filed this action against prison officials, pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,[1] following an incident involving confiscated boots,

---

[1] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 389 (U.S. 1971).

beard trimmers, and an allegation that the Plaintiff had sexually explicit material hidden inside his legal materials.[2] Plaintiff raises equal protection, cruel and unusual punishment, discrimination and retaliation claims against prison officials, due to his subsequent treatment at FCI-Morgantown.

In his Objections to the Report and Recommendation, the Plaintiff raises three arguments: 1) Plaintiff restates retaliation claims raised in the original complaint; 2) Plaintiff claims exhaustion of administrative remedies; and 3) Plaintiff claims the Magistrate Judge mis-characterized factual events related to his retaliation claims and that his communications with the Court have been disrupted.

1) The Plaintiff objects to the conclusion in the Magistrate Judge's Report and Recommendation that alleged retaliation based on the Plaintiff's filing of grievances does not amount to a claim upon which relief could be granted. The Magistrate Judge cited Adams v. Rice,[3] finding the law requires that, "[i]n order to sustain a claim based on retaliation, Plaintiff 'must allege either

---

[2]Document 51-5, page 2.

[3]Adams v. Rice, 40 F.3d 72, 75 (4th Cir.1994).

that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right.'"[4]

The Plaintiff's claims of retaliation stem from his filing of grievances, which is not a constitutionally protected right.[5] Accordingly, the Magistrate Judge's finding that no relief can be granted for the Plaintiff's retaliation claim is correct and this claim is properly dismissed with prejudice.

2)  Accompanying the Plaintiff's Objections are additional materials labeled "Attachment A" through "Attachment E," attempting to demonstrate exhaustion of administrative remedies.[6]  The submitted materials do not demonstrate exhaustion of the Plaintiff's administrative claims.

As cited in the Magistrate Judge's Report and Recommendation, the Bureau of Prisons (BOP) makes available to its inmates a three level administrative remedy process as set forth in 28 C.F.R.

---

[4]Document No. 44, page 10.

[5]<u>Id.</u>

[6]Although it appears that the Plaintiff later misunderstood the printed version of the Court's docket record , the Exhibits A-E were received with the original Objections.

§ 542.10, *et seq.*  Under the administrative procedures, an inmate may appeal local institutional decisions to the appropriate Regional Office, and those decisions can be appealed to the Office of General Counsel with a Central Office Administrative Remedy Appeal.

The Plaintiff produced documents showing he filed institutional "Request for Administrative Remedy" forms and some Regional Office appeals, however the regional appeals were not fully exhausted.  The documentation of grievances begins on March 21, 2006, and continues through October 3, 2006, with a Regional Office form granting the Plaintiff an appeal deadline extension until December 1, 2006.  The Plaintiff did not produce any documentation of attempts to file Central Office Administrative Remedy Appeals, indicating an ongoing administrative process.

Under the Prisoner Litigation Reform Act, codified at 42 U.S.C. § 1997e(a), administrative remedies must be exhausted by a prisoner, prior to bringing an action before the courts.  As the Plaintiff has failed to demonstrate exhaustion of administrative remedies, the Magistrate Judge's recommendation that the surviving claims of this action be dismissed without prejudice is proper.

3) The Plaintiff objects to the Magistrate Judge's summary description of retaliation alleged in the complaint. The Court has reviewed the original complaint and supporting materials filed by the Plaintiff. However, the Court finds that the Plaintiff's objection does not address a basis of the Magistrate Judge's recommendation.

The Plaintiff also raises new allegations regarding interference with his correspondence in this section of his objections. These allegations do not address the basis of the Magistrate Judge's recommendation in this case.

The Court, after reviewing the above, is of the opinion that the Magistrate Judge's Report and Recommendation should be and is hereby **ORDERED** adopted (Document No. 44).

## Additional Matters

On January 12, 2007, the Plaintiff filed his Motion Requesting Order for Contempt of Court (Document No. 54). The Plaintiff has previously requested that the Court mark correspondence addressed to him as, "Special Mail." The Court subsequently ordered its Clerk to so mark future correspondence to the Plaintiff and to attempt a second mailing of documents the Plaintiff indicated he

did not receive. As the Court did not issue any order to the Bureau of Prisons, the Plaintiff's motion is **DENIED**.

On March 14, 2007, the Plaintiff filed a second Motion Requesting the Court Enter Order of Contempt (Document No. 59). The motion is submitted by the Plaintiff with respect to this action and Civil Action Nos. 5:06-cv-106 & 3:06-cv-114.

The Plaintiff identifies 3:06-cv-114 as a case "on mail tempering claims." The Plaintiff further indicates that exhibits identified with letters in his submissions in that case were docketed with numeric indicators, suggesting mail tampering. Plaintiff also repeats allegations that his evidence of exhaustion was intercepted in the mail. As numeric entry of attachments is a consequence of the Court's computer system, and the documents on exhaustion in this case were received by the Court, the motion is **DENIED**.

On March 19, 2007, and March 21, 2007, the Court appears to have received identical Motions for Leave to Amend the Complaint (Document Nos. 60 & 61), mailed by the Plaintiff on separate dates. The motions argue that certain claims are exhausted and seeks leave to add additional defendants to this action. The attached exhibits

do not indicate full exhaustion of Plaintiff's claims are were considered as a part of the Plaintiff's Objections to the Report and Recommendation. Accordingly, the motions for leave to amend are **DENIED AS MOOT**.

The Plaintiff's Motion and Brief for Temporary Restraining Order and/or for Preliminary Injunction (Document No. 13) is **DENIED** for the reasons stated in the Magistrate Judge's Report and Recommendation.

Plaintiff's Motion for Extension of Time to File (Document No. 49) is **GRANTED.**

The Court further **ORDERS** that Plaintiff's retaliation claims be **DISMISSED** with prejudice for the failure to state a claim upon which relief may be granted, that Plaintiff's other claims be **DISMISSED** without prejudice for the failure to exhaust administrative remedies and this action be **STRICKEN** from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit true copies of this Order to the *pro se* Plaintiff and all counsel of record in this matter.

**DATED** this 30th day of March 2007.

                                          /s/ Irene M. Keeley
                                        **IRENE M. KEELEY**
                                        **UNITED STATES DISTRICT JUDGE**